Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* James J. Evans, Appellee.

Argued March 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John L. Heaton*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellant.

*Clyde W. Waite*, with him *Sokolove & Stief*, for appellee.

Opinion by Judge Blatt, July 23, 1975:

At approximately 1:25 A.M. on March 10, 1973, Officer Anthony Maniscola observed James J. Evans operating his motor vehicle without headlights and in a jerking type of motion. Officer Maniscola, who was fully uniformed and operating a marked police car, signaled Evans to a stop. Evans admitted to having been drinking, whereupon Officer Maniscola placed him under arrest and requested him to submit to a chemical test of breath. Evans refused and upon report of this action, the Secretary of Transportation (Secretary) suspended Evans' motor vehicle operating privileges pursuant to Section 624.1(a) of the Vehicle Code, 75 P.S. §624.1(a).[1] Officer Maniscola, however, had observed and arrested Evans in Bristol Township, Bucks County, whereas Maniscola was an authorized police officer only for Middletown Township, Bucks County. The arrest and request to take the breathalyzer test were, therefore, made outside of his jurisdiction.

Evans appealed the suspension to the Court of Common Pleas of Bucks County where he argued that the license suspension provision of the state Vehicle Code requires that the person requesting the licensee to take the breathalyzer test must be a police officer in law as well as in fact. He argued that Maniscola, although a police officer in fact, was not vested with the authority of arrest outside of Middletown Township and he could not, therefore, be legally recognized as a police officer under a strict construction of the term "peace officer" in the Vehicle Code.[2] Initially, Evans persuaded the court below and that court sustained his appeal. That court, however, in its opinion later filed with the Common-

---

1. Act of April 29, 1959, P.L. 58, *as amended.*

2. Under Section 102 of the Vehicle Code, 75 P.S. §102, a police officer is defined as one of a group of peace officers vested with authority of arrest.

wealth's appeal to this Court suggested that reversal would be proper. We agree.

Evans stresses "that the issue is not whether the arrest was legal, but whether the person requesting the breathalyzer was a police officer."[3] Section 624.1(a) provides that the chemical test of breath must be administered by qualified personnel *at the direction of a police officer* having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. At issue here, however, is not the validity of the administration of the test but rather the validity of the suspension based upon refusal to submit to the test. In this respect, the statute makes no reference to the official status of the individual who makes the arrest and makes the request to submit to the breathalyzer. It might be implied that the individual must be some type of law enforcement officer. That issue, however, need not be reached here.

Judge MENCER, speaking for this Court in *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973), has succinctly stated that the issue to be determined in this type of case is whether or not the licensee refused to submit to the test at a time when Section 624.1(a) was applicable. What are involved are *factual* determinations not *legal* determinations. Here, Officer Maniscola was a police officer in fact, if perhaps not in law, and was acting under the full color of authority as a police officer. It makes no difference that he had not been in hot pursuit of Evans across township lines, which action we have upheld as sufficient to sustain the suspension of a license after the arrest of a speeding violater by police officers outside of their jurisdiction in *Civitello v. Bureau of Traffic Safety,* 11 Pa. Common-

---

3. He recognized that a license suspension is not improper merely because the arrest may have been improper. *Glass v. Commonwealth,*     Pa.     , 333 A.2d 768 (1975). *Hall v. Commonwealth,*     Pa.     , 333 A.2d 773 (1975).

wealth Ct. 551, 315 A.2d 666 (1974). What is important is that factually Evans was admittedly placed under arrest, that he was charged with operating a motor vehicle while under the influence of intoxicating liquor, that he was requested to take the breathalyzer test and that he refused. Such being the case, there is no legal defense available to him. *Commonwealth v. Miles, supra.*

The order of the Court of Common Pleas of Bucks County is, therefore, reversed.