Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Robert O. Barrett, Appellee.

560

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

John L. Heaton, Assistant Attorney General, with him Anthony J. Maiorana, Assistant Attorney General, Robert W. Cunliffe, Deputy Attorney General, and Robert P. Kane, Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, January 8, 1976:

Appellee was operating a motor vehicle in such a manner that it swerved from side to side, putting two wheels off onto the berm and then back on the highway, followed by putting two wheels to the left of the center lane. The arresting officer pulled beside appellee who had stopped at a road intersection and had him pull over to the side of the road into a service station. The officer testified that he detected the odor of intoxicating beverages on appellee's breath and that appellee's speech was slurred. The officer requested appellee to submit to a chemical test of his breath, but he refused. The officer then placed appellee under arrest and repeated his request for a chemical test. Again, appellee refused. Sub-

sequently, at the State Police barracks, appellee refused again.

Upon receiving notice that his operator's privileges had been suspended as a result of his violation of Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, *as amended,* 75 P. S. §624.1(a), refusing to submit to a chemical test, appellee filed an appeal to the lower court. At the de novo hearing, the above uncontradicted facts were developed, as well as appellee testifying that he had had "a couple of beers." The appellee testified that the swerving of the vehicle was caused by broken shock absorbers and a high wind.

The lower court found:

"The occasional veering of appellant's car, presenting no hazard and caused by broken shock absorbers which made steering difficult down the steep, curving hill on a windy night, he contends, did not constitute such conduct as would justify his being placed under arrest for the purpose of having him submit to a chemical test of his breath.

"On the basis of the evidence, we accept this view and consider the suspension of appellant's motor vehicle operating privileges an abuse of discretion."

It is quite apparent that the lower court was examining the testimony to find whether the officer had probable cause for the arrest rather than reasonable cause to request the chemical test. Certainly, there can be no doubt in the law today that the propriety of the request for a chemical test is not dependent on the legality of the arrest. Judge BLATT's able discussion of this point, as well as the collecting of the cases, in *Commonwealth v. Griffie,* 21 Pa. Commonwealth Ct. 403, 346 A.2d 838 (1975), makes it unnecessary for us to repeat it here. *See also Commonwealth v. Evans.* 20 Pa. Commonwealth Ct. 403, 342 A.2d 443 (1975).

As is apparent from the quotation above, the lower court failed to take into consideration that the appellee

had the odor of alcohol on his breath, as well as slurred speech. His admission that he had had "a couple of beers" supports the officer's testimony.

While it would be difficult for this Court to understand how a lower court could find that there was no reasonable ground to believe the appellee to have been driving while under the influence of intoxicating liquor, nevertheless, we must remand it for the proper determination to be made. If there was reasonable ground to believe, then the suspension must be sustained.

Accordingly, we remand this case to the Court of Common Pleas of Northumberland County to make a determination, based on the entire record, whether the police officer had reasonable grounds to believe the appellee had been driving while under the influence of intoxicating liquor.