Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. John William Kelley, Appellee.

Argued November 3, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Regis J. McCoy,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Howard F. Messer,* for appellee.

OPINION BY JUDGE DiSALLE, January 8, 1979:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety (Bureau), from the order of the Court of Common Pleas of Allegheny County sustaining the appeal of John William Kelley (Kelley) and thereby reversing the Bureau's suspension of his motor vehicle operator's license pursuant

to Section 624.1 of The Vehicle Code,[1] for refusing to submit to a breathalyzer test.[2]

We note initially that our scope of review of a lower court's reversal of a license suspension pursuant to Section 624.1 is limited to whether its findings are supported by competent evidence, errors of law were committed, or the decision constituted a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Shultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976).

In the instant case, the court below held that, in a license suspension proceeding, an officer must have probable cause to make an arrest before transporting a person to a police station for a breathalyzer test. Since it concluded that there was insufficient evidence to indicate a valid arrest, Kelley's appeal was sustained. This was incorrect. As stated in *Department of Transportation, Bureau of Traffic Safety v. Barrett*, 22 Pa. Commonwealth Ct. 559, 561, 349 A.2d 798, 799 (1976), "[c]ertainly, there can be no doubt in the law today that the propriety of the request for a chemical test is not dependent on the legality of the arrest." *See also Glass v. Bureau of Traffic Safety*, 460 Pa. 362, 333 A.2d 768 (1975).

Consequently, our only inquiry is whether the Bureau's suspension of Kelley's operating privileges was proper. As a condition precedent to the suspension of a motor vehicle operator's license pursuant to Section 624.1, the arresting officer must have had reason-

---

[1] Act of April 29, 1959, P.L. 58, *as amended*, added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C.S. §1547.

[2] We note that, at argument, Kelley's counsel advised the court, for the first time, that he was not filing a brief, but was relying upon the opinion of the court below. This practice is strongly disapproved.

able grounds to believe that Kelley had been driving while under the influence of intoxicating liquor. *Department of Transportation, Bureau of Traffic Safety v. Shultz, supra.* In this regard, we repeat what was so ably stated by Judge MENCER in *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 205, 363 A.2d 870, 872 (1976):

> The only valid inquiry on this issue . . . is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. Thus, it is not relevant that the motorist later, at the time of trial, can establish a cause other than intoxication for such observed behavior as slurred speech or an unsteady gait. At trial, the only relevant factual defense would be a showing that the motorist's behavior was not, in fact, as the officer testified. (Footnote omitted.)

Applying this standard to the factual matrix of the present case, only one conclusion is mandated—that the officer clearly acted upon a reasonable belief that Kelley was operating his vehicle under the influence of intoxicating liquor. The record establishes that when the arresting officer arrived at the scene he observed that Kelley's automobile had struck an iron pole. He then noticed that Kelley exuded an odor of alcohol, that his speech was slurred, that his clothes and hair were in disarray, and that he was staggering. These observations were sufficient as a matter of law to give the officer reasonable grounds to believe Kelley had been driving under the influence of intoxicating liquor. Kelley's explanation of the in-

cident is irrelevant.[3] Since the officer proceeded properly, Kelley's refusal to submit to the breathalyzer test subjected him to a license suspension.

Accordingly, the order of the lower court is reversed and Kelley's license suspension is reinstated.

## ORDER

AND Now, this 8th day of January, 1979, the order of the Court of Common Pleas, dated November 17, 1975, is reversed, and the suspension of John William Kelley's motor vehicle operator's privilege is reinstated, the suspension to commence 20 days from the date of this order.

---

[3] Kelley stated that prior to the accident he had been bartending at a fraternity party, but claimed that he had consumed very little beer there and that the reason for the odor of alcohol was the fact that he was "cleaning beer kegs." On his way home he picked up a hitchhiker whose refusal to leave the car resulted in an altercation. He contended that it was this altercation, and not his alleged intoxication, which caused the accident.