511 A.2d 951

William Kuzneski, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 10, 1986, to President Judge CRUMLISH, JR., Judges ROGERS and BARRY, sitting as a panel of three.

*James R. Glover, Glover & Petersen, P.A.,* with him, *Robert W. Lambert,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, July 11, 1986:

William Kuzneski (appellant) appeals an order of the Court of Common Pleas of Indiana County which affirmed a one-year suspension of his driver's license for failure to submit to a breathalyzer test. Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b)(1).

Appellant seeks reversal of the trial court's decision on the basis that the police officer who stopped him was outside his territorial jurisdiction; he had no reasonable grounds to suspect that he had been driving while intoxicated; and he did not properly warn him of the consequences of his refusal to submit to the test. We find all of these contentions without merit.

Appellant first argues that he was not required to submit to the breathalyzer test because the officer who made the request was outside his territorial jurisdiction and he was not, therefore, a police officer as defined under the Vehicle Code. This Court addressed that same question in *Department of Transportation, Bureau of Traffic Safety v. Evans,* 20 Pa. Commonwealth Ct. 403, 342 A.2d 443 (1975). In that case the arrest and the request to take the breathalyzer test also took place outside of the police officer's jurisdiction. In *Evans,* as in the case at hand, the appellant stressed

that the issue was not whether the arrest was legal,[1] but whether the person requesting the test was a police officer. In response to that argument we specifically held that since the officer was acting under the full color of authority, he was in fact a police officer. A determination of the officer's *legal* status is not necessary in a license suspension case.

In his reply brief appellant argues that *Evans* is not controlling in this instance because the Vehicle code has since been amended and it now includes a new definition of police officer. Under the statute which controlled *Evans,* a police officer was defined as one of a group of peace officers vested with authority of arrest. Section 102 of the Vehicle Code, 75 P.S. §102. The amended Vehicle Code defines a police officer as "[a] natural person authorized by law to make arrests for violations of law." 75 Pa. C. S., §102. Appellant contends that this new definition does not permit the courts to draw distinctions between officers in fact and in law. He argues that if an officer is not authorized by law to make the arrest then that officer cannot request a motorist to submit to a breathalyzer test. We cannot agree.

The new definition of police officer contains nothing which would preclude us from reaching the same conclusion we reached in *Evans.* As in *Evans* there is no question that the person who stopped and arrested the appellant was *in fact* a police officer. Appellant does not question the fact that Gregory Davis was duly employed as a police officer for the Borough of Homer City and he was clearly authorized by law to make arrests within that area. The only question is whether he was authorized by law to make this particular arrest. This is a legal

---

[1] The validity of a license suspension is not affected by the legality of the arrest. *Glass v. Department of Transportation, Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975).

determination which is simply not relevant to a license suspension case. As we noted in *Evans,* what is important is that appellant was *factually* placed under arrest. Whether the police officer was outside his jurisdictional limits is an issue properly raised in an action challenging the legality of the arrest.

Appellant next argues that the police officer had no reasonable grounds to suspect he had been driving while intoxicated. Reasonable grounds exist when a reasonable person in the same position as the arresting officer could have concluded that the motorist was operating his vehicle while under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). The police officer testified that he first observed appellant making an abrupt left turn without signaling. As he followed behind he then noticed that the car was drifting from one side of the road to the other and when the appellant stepped out of his vehicle the officer noted a strong odor of alcohol. We believe these facts provided the officer with reasonable grounds to conclude that appellant was intoxicated. There is no merit in his contention that after he performed some field sobriety tests with relative success, the police officer no longer had reasonable grounds to suspect he was intoxicated. His performance of the test is just one more factor to be taken into account when determining the existence of reasonable grounds. Having considered all of the relevant facts, we still conclude that reasonable grounds did exist.

Lastly, appellant argues that this case should be remanded for more specific findings on whether he was properly warned that his refusal to submit to the test would result in the suspension of his license. We disagree. The trial court specifically found that the police officer warned appellant that refusal to take the test

would result in a suspension of his license. Appellant maintains that because he was yelling obscenities at the officer when the warning was given the Court must make a specific finding as to whether he completely heard and understood what was said. We find this argument absolutely without merit, especially in view of the fact that appellant emphatically testified at the hearing that he never screamed or yelled at the officer and, therefore, never raised this particular issue. The only question before the trial court was whether the warning was given. Appellant testified that he was never warned of the consequences of his refusal to take the test. The police officer testified that he warned him twice. It is well established that questions of credibility and the resolution of conflicts in testimony are for the trial court. *Phillips v. Commonwealth,* 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984); *Spirer v. Commonwealth,* 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980). In this instance, the trial court chose to accept the police officer's testimony rather than that of the appellant.

Affirmed.

## ORDER

Now, July 11, 1986, the order of the Court of Common Pleas of Indiana County at No. 1197 C.D. 1984, dated December 13, 1984, is affirmed.