520 A.2d 917

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* William Doyle, Appellee.

Submitted on briefs December 9, 1986, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*George P. Bannon,* for appellee.

OPINION BY JUDGE DOYLE, February 4, 1987:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Philadelphia County, which reversed the decision of the Department suspending the motor vehicle operating privileges of William D. Doyle[1] (Appellee) for one year pursuant to Section 1547(b) of

---

[1] The Appellee is no relation to the author of this opinion.

the Vehicle Code (Code), 75 Pa. C. S. §1547(b), because he refused to submit to a breathalyzer test. We reverse and remand.

On June 19, 1983 Appellee was involved in an automobile accident in Tinicum Township (Township). He was arrested for driving under the influence of alcohol, taken to police headquarters and asked to take a breathalyzer test by a Township police officer. Appellee refused to take a breathalyzer test and his driver's license was therefore suspended.

Appellee appealed this suspension to the Court of Common Pleas of Philadelphia County, alleging that the arresting officer did not have reasonable grounds to request a breathalyzer test and that he was not properly warned of the consequences of his refusal. The court of common pleas overruled the action of the Department on the ground that the arresting officer did not have "probable cause" for the warrantless arrest of Appellee for driving under the influence of alcohol. The court wrote:

> The only evidence of intoxication submitted to this court was the testimony of the arresting officer who testified that the [Appellee] had been involved in an accident and that there was a strong odor of alcohol on his breath. There was no testimony of slurred speech, difficulty in walking or any other indication of intoxication.

Since the court reversed the Department's determination on the ground that there was no probable cause for the warrantless arrest, it did not reach the issue of whether Appellee was properly informed that his license would be suspended upon his refusal to submit to the breathalyzer test.

On appeal here, the Department contends that the court of common pleas erred in using the standard of probable cause for a warrentless arrest rather than rea-

sonable grounds to request a breathalyzer test.[2] We agree.

This case is controlled by our decision in *Department of Transportation, Bureau of Traffic Safety v. Barrett,* 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976) where we held that, in a license suspension proceeding, an officer need not have probable cause to make an arrest before transporting a person to a police station for a breathalyzer test. In *Barrett,* we held that the legality of the arrest is immaterial in determining whether an operator's license is properly suspended when the licensee refuses to take a breathalyzer test after being arrested for driving under the influence of alcohol. Rather, the propriety of the suspension for such refusal depends upon whether the officer had reasonable grounds to believe that the licensee was operating his vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Kelley,* 39 Pa. Commonwealth Ct. 566, 396 A.2d 864 (1979). *See also* Section 1547(b) of the Code, 75 Pa. C. S. §1547(b) (the Commonwealth must establish among other things "that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated.")

Thus, the sole issue here is whether the arresting officer had reasonable grounds to believe that Appellee was driving while under the influence of alcohol. We have written that this issue is determined by whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist

---

[2] Our scope of review of a lower court's reversal of a license suspension is limited to determining whether the court's findings are supported by competent evidence, errors of law were committed, or the decision constituted a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Kelley,* 39 Pa. Commonwealth Ct. 566, 396 A.2d 864 (1979).

was operating the vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). In the instant case, the officer testified that he was called to the scene of an accident in which the Appellee was involved, and that while interviewing Appellee he detected a strong odor of alcohol on his breath. We agree with the Department that Appellee's involvement in an accident, combined with the strong odor of alcohol on his breath, are circumstances under which a reasonable person could conclude that Appellee was operating the vehicle under the influence of alcohol.[3]

As stated above, the court of common pleas did not reach the issue of whether Appellee was properly informed that his license would be suspended upon his refusal to submit to the breathalyzer test. Therefore, we reverse the order of the court of common pleas and re-

---

[3] The Department relies on *Doyle v. Department of Transportation, Bureau of Traffic Safety,* (No. 806 C.D. 1982, filed November 10, 1983) in which we held that where an accident occurred in which the Licensee was a participant, and the arresting officer detected a strong odor of alcohol on the Licensee's breath, reasonable grounds exist for requesting a breathalyzer test. This case, however, is an unreported opinion which, pursuant to Rule 67.55 of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §67.55, cannot be relied upon by the Department. This rule reads:

> Unreported opinions of the court shall not be cited in any brief, argument or opinion, except that any opinion filed in the same case may be cited as representing the law of the case. A one-judge opinion, even if reported, shall be cited only for its persuasive value, not as a binding precedent. This rule shall be effective retroactively, so as to apply to opinions filed before the effective date of this section, as well as to opinions filed in the future.

The appellant in that case is *not* the same person as the Appellant here.

mand the case for findings and a determination on this issue.

NOW, February 4, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, dated November 7, 1983, is hereby reversed and the case remanded for further findings on the issue of whether Appellee was informed that his refusal to take a breathalyzer test would result in the suspension of his license. Jurisdiction relinquished.