521 A.2d 519

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Dennis James Webster, Appellee.

Submitted on briefs August 12, 1986, to Judges
CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with
him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, February 25, 1987:

The Pennsylvania Department of Transportation,
Bureau of Traffic Safety (DOT) appeals from an Order of
the Court of Common Pleas of Westmoreland County
(trial court) which sustained the appeal of Dennis James
Webster (Webster) from DOT's suspension of his
driver's license for refusal to take a breathalyzer test.
For the reasons set forth below, we reverse.

On October 12, 1980, Webster was arrested by Officer Morrison for violating Section 3731 of the Vehicle
Code, *as amended,* 75 Pa. C. S. §3731 (driving under
the influence). He took a breathalyzer test and registered a blood alcohol content of .21 percent. The officer
returned Webster to his car following the test since
Webster had said a third party would drive him home.

Twenty to thirty minutes later, while on foot, Officer Morrison observed Webster again driving his car and radioed Officer Sinkey to stop and arrest him. Webster was again placed under arrest for driving under the influence and requested to submit to a breathalyzer. This time, however, he refused despite being warned that refusal to take the test would result in a six-month suspension of his driving privilege.[1]

At the *de novo* hearing, Officer Sinkey testified that he had arrested Webster and requested a breathalyzer test because he had received a call to stop Webster for driving without a license and had smelled alcohol on his breath. The trial court, in sustaining Webster's appeal, concluded that "the mere fact that Officer Sinkey arrested Appellant for operating without a driver's license, [and] the fact that he smelled alcoholic beverages is not sufficient to establish probable cause that Appellant [Webster] was intoxicated."

DOT contends that the trial court erred in applying a probable cause analysis and argues that the trial court should have applied a less stringent reasonable grounds test.[2] While we agree that reasonable grounds is the proper standard[3] in license suspension cases based on

---

[1] 75 Pa. C. S. §1547(b) has been subsequently amended, and, in its current form, provides for an automatic suspension of 12 months.

[2] Our scope of review in license suspension appeals is limited to whether the factual findings of the trial court are supported by competent evidence in the record, and whether an error of law has been committed. *Department of Transportation, Bureau of Traffic Safety v. Gordon*, 95 Pa. Commonwealth Ct. 546, 505 A.2d 1125 (1986).

[3] In *Department of Transportation, Bureau of Traffic Safety v. Doyle*, 103 Pa. Commonwealth Ct. 490, 520 A.2d 917 (1987), we reaffirmed *Department of Transportation, Bureau of Traffic Safety v. Barrett*, 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976), where we held that, in a license suspension proceeding, an officer

refusal to submit to chemical testing, we find it unnecessary to determine which test the trial court applied because the trial court focused on the wrong officer in its analysis.

This case presents an issue of first impression to this Court. Where an officer has reasonable grounds to suspect a motorist to be driving under the influence of alcohol, but is logistically unable to make an arrest and therefore instructs another officer to do so, may DOT suspend the motorist's license for refusal to submit to chemical testing?

75 Pa. C. S. §1547(a) states:

(a)   General Rule.—Any person who drives . . . a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests . . . if *a police officer* has reasonable grounds to believe the person to have been driving . . . a motor vehicle:

(1)   while under the influence of alcohol. . . . (Emphasis added.)

Once the deemed consent provision of part (a) is satisfied, part (b) of the statute authorizes DOT to suspend a motorist's license if the motorist is: (1) arrested for violating Section 3731 (driving under the influence), (2) requested to submit to chemical testing but refuses, and (3) warned that refusal will result in license suspension. 75 Pa. C. S. §1547(b).

The deemed consent provision in part (a) of the statute is triggered whenever *a police officer* has reasonable grounds to believe a motorist is driving under

___

need not have probable cause to make an arrest before transporting a motorist to a police station for a breathalyzer test. The legality of the arrest for driving under the influence of alcohol was found to be immaterial in determining whether an operator's license is properly suspended for refusing to submit to chemical testing.

the influence of alcohol. There is no statutory mandate that the officer who ·possesses reasonable grounds be the arresting officer. To postulate such an interpretation would be to negate the protective purpose of the statute in providing effective means of denying intoxicated drivers the use of public roads. *Commonwealth v. Charles*, 270 Pa. Superior Ct. 280, 411 A.2d 527 (1979). We therefore reject the notion that the officer who has reasonable grounds to suspect a motorist must be the arresting officer for purposes of license suspension pursuant to Section 1547(b).

The remaining issue for consideration is whether Officer Morrison had reasonable grounds to believe Webster was driving under the influence of alcohol. In *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 205, 363 A.2d 870, 872 (1976), we stated:

> The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

In the instant case, Officer Morrison saw Webster driving his automobile twenty to thirty minutes after he had registered a blood alcohol content of .21 percent on a breathalyzer machine. He was unable to pursue Webster because he was on foot. We hold that it was reasonable for Officer Morrison to conclude that Webster was driving while still under the influence of alcohol.

Accordingly, the order of the trial court is reversed.

ORDER

AND NOW, February 25, 1987, the Order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby reversed.