525 A.2d 444

James Simpson, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Thomas R. Ceraso,* for appellant.

*Harold H. Cramer,* with him, *Spencer A. Manthorpe,* Chief Counsel and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, May 5, 1987:

James Simpson (Appellant) appeals from an order of the Court of Common Pleas of Westmoreland County, which affirmed the decision of the Department of Transportation (Department) suspending the motor vehicle license of Appellant for one year pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), because he refused to submit to chemical testing. We affirm.

On August 14, 1983, Appellant was involved in a motor vehicle accident. State Trooper Raymond K. Paul was dispatched to the hospital to interview Appellant and ascertain whether he had been driving under the influence of alcohol. While in the emergency room of the hospital, Appellant was interviewed by Trooper Paul and was requested by Trooper Paul to take a breath-

alyzer or blood test. Appellant refused, and his driver's license was therefore suspended.

On appeal the Court of Common Pleas of West-moreland County held a *de novo* hearing where the only witness to testify was Trooper Paul. The court of common pleas affirmed the Department's decision to suspend Appellant's driver's license. This appeal followed.

On appeal,[1] Appellant makes two arguments. First he contends that pursuant to Section 3755 of the Code, 75 Pa. C. S. §3755, a police officer must have *probable cause* to believe that the driver was operating the vehicle under the influence before he can require a driver to take a blood test. In *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa. Commonwealth Ct. 580, 498 A.2d 26 (1985), we held that Section 3755 imposes a mandatory obligation upon hospital emergency room personnel, treating victims of accidents, to obtain blood samples from such victims when *probable cause* exists to believe that such person was operating a vehicle under the influence of alcohol in violation of Section 3731 of the Code, 75 Pa. C. S. §3731 (driving under the influence of alcohol or controlled substance). Section 3755 of the Code, however, deals with the criminal aspects of a vehicle code violation and provides immunity from civil and criminal liability to emergency room personnel; it is inapplicable where, as here, an operator's license has been suspended pursu-

---

[1] Where, as here, the court of common pleas hears a case *de novo,* our scope of review is limited to a determination of whether the court based its findings on substantial evidence or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977). Questions of credibility and the resolution of testimonial conflicts are for the common pleas court. *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977).

ant to Section 1547(b) of the Code. *See Emory.* Section 1547(b) provides that if a person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical testing, and refuses to do so, the Department shall suspend his driver's license for one year. Pursuant to Section 1547(a) of the Code, the arresting officer needs only *reasonable grounds*, not probable cause, to believe the driver was operating the vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Barrett*, 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976). And we have written that reasonable grounds must be determined by whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

Review of the record discloses that Trooper Paul testified that Appellant, while in the emergency room, freely admitted that he was the operator of the motor vehicle and that he had been drinking. Trooper Paul also testified that he smelled alcohol on Appellant's breath and that he placed him under arrest. This is sufficient to show that Trooper Paul had reasonable grounds to believe Appellant was driving under the influence of alcohol, notwithstanding the fact that he did not see him driving.

Appellant further contends that Trooper Paul did not actually believe that Appellant was intoxicated to an unsafe degree and, therefore, had no legal basis to request submission to a chemical test. While Trooper Paul did testify that he "thought that [Appellant] was not at the degree that would render him incapable of safe driving," (N.T. 13), Trooper Paul's belief as to the degree of intoxication under which Appellant was driving

is irrelevant. He had reasonable grounds to believe that Appellant was operating a motor vehicle under the influence of alcohol. That is a sufficient basis to request Appellant to submit to a chemical test.

Order affirmed.

ORDER

NOW, May 5, 1987, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter, dated August 29, 1984, is hereby affirmed.