534 A.2d 556

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Richard Jay Firestone, Appellee.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Christopher J. Clements,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Morey M. Myers,* General Counsel, for appellant.

*Mary E. Baloh,* for appellee.

OPINION BY JUDGE CRAIG, December 7, 1987:

The Department of Transportation, Bureau of Driver Licensing appeals an order of the Court of Common Pleas of Westmoreland County which sustained the appeal of Richard Jay Firestone from a one-year suspension of his operating privilege for refusing to submit to a chemical breath test. Section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b).[1]

---

[1] Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547, provides:

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

To prevail upon appeal in a license suspension case under §1547(b) of the Code, the state must prove that the driver (1) was placed under arrest for driving while under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so; and (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test. The burden then shifts to the driver to prove that he was physically incapable of making a knowing and conscious refusal to take the test. *Neitz v. Department of Transportation, Bureau of Traffic Safety*, 96 Pa. Commonwealth Ct. 1, 506 A.2d 961 (1986).

DOT contends that the trial court's order reinstating Mr. Firestone's driving privilege should not be upheld because it committed an error of law by applying the probable cause standard as opposed to a reasonable grounds standard.

After a de novo hearing the trial judge determined that a "serious question of time between the Appellant being observed by the Officer, and the time the Appellant was driving his vehicle" existed, and he specifically held that "[t]he Commonwealth's failure to establish [an] important time element seriously affects the probable cause for arresting Appellant on the charge of *driving* while intoxicated."

Our review in this case is limited to determining whether the trial court's de novo findings are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Webster*, 104 Pa. Commonwealth Ct. 214, 521 A.2d 519 (1987).

The record shows that on November 29, 1984 John S. McMurtie, a Pennsylvania State trooper was on a routine patrol on U.S. Route 30 in Laughlintown,

Ligonier Township, when he observed a pickup truck partially driven through a section of a fence. Inside the truck Mr. Firestone lay mostly in the drivers seat, with his feet around the pedals. The hood of the vehicle was warm to the touch, but the engine was not running. Trooper McMurtie decided to arrest Mr. Firestone on the basis of Mr. Firestone's performance of several field sobriety tests, his slurred speech and the presence of an odor of alcohol. The trooper asked Mr. Firestone to submit to a chemical test for alcohol; after the trooper advised him of the consequences of refusing he declined to submit to the test.

Although Trooper McMurtie found the vehicle off the road, and physically removed from a traffic way, the question still is whether the trooper had reasonable grounds to believe that Mr. Firestone was the operator of the vehicle.

Our court has recently held that, in a driver's license suspension proceeding, probable cause is not needed to make an arrest before taking the suspect to the police station for a breathalyzer test, but the police officer must have reasonable grounds to believe that the licensee was driving a vehicle under the influence of alcohol. *Department of Transportation, Bureau of Traffic Safety v. Doyle,* 103 Pa. Commonwealth Ct. 490, 520 A.2d 917 (1987).

The applicable standard was set forth in *Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 204-205, 363 A.2d 870, 872 (1976) which stated:

> Whether evidence is sufficient to constitute 'reasonable grounds' can only be decided on case-by-case basis. The test, however is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motor-

ist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such a test. The only valid inquiry on this issue at the de novo hearing is whether, viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor. (Footnotes omitted.)

In this case, Trooper McMurtie's testimony could support a finding that he had the requisite "reasonable grounds" to suspect that Mr. Firestone had indeed been driving while under the influence of alcohol.

Therefore, the trial judge erred as a matter of law in applying a probable cause standard instead of a reasonable grounds standard. Accordingly, the decision is vacated and remanded, and if the trial judge finds that Trooper McMurtie had reasonable grounds for his belief and action, the trial judge should proceed to adjudicate the remaining issues.

## ORDER

NOW, December 7, 1987, the order of the Court of Common Pleas of Westmoreland County, dated January 27, 1986, is vacated and remanded for further proceedings; and if the trial judge finds that Trooper McMurtie had reasonable grounds for his belief and action, the trial judge should proceed to adjudicate the remaining issues.

Jurisdiction relinquished.