539 A.2d 57

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joseph R. Stay, Appellee.

Submitted on briefs December 17, 1987, to Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*M. Emmons Stivers,* for appellee.

OPINION BY JUDGE BARRY, March 22, 1988:

The Department of Transportation, Bureau of Driver Licensing, (DOT), appeals from an order of the Court of Common Pleas of Delaware County which sustained the appeal of Joseph R. Stay (appellee) from the suspension of his driver's license by DOT for a period of one year due to his refusal to submit to a breathalyzer test.

On March 24, 1985, Corporal John Singley, a member of the Collingdale Police Department, observed appellee operating a motor vehicle which had made an illegal turn. He pursued and stopped the appellee. As he approached the vehicle, he smelled the odor of alcohol emanating from the vehicle. Appellee was unable to comply with his request for production of his license

and registration card. He responded to questions with slurred speech and was unable to walk a straight line. Corporal Singley then arrested the appellee for driving under the influence of alcohol and transported him to the Collingdale Police Station. There was no breath testing equipment located at said station. While at the Collingdale Police Station, appellee was requested two or three times to submit to a breathalyzer test. At the time these requests were made, appellee was informed that his license would be suspended if he refused to take the test. The appellee, however, refused to submit to such a test each time. Appellee was then transported to the Sharon Hill Police Station, where there was a certified breath testing device, and placed in a cell. After being placed in the cell, appellee requested an opportunity to submit to the breathalyzer test. Corporal Singley, however, refused to administer the test. Instead, he subsequently submitted an affidavit of refusal.

Appellee's license was then suspended by DOT. He then appealed to the trial court, which initially dismissed his appeal. However, after expressly granting reconsideration of the order dismissing the appeal within thirty days thereof, the trial court reversed its position and sustained the appeal. This appeal followed.

The Commonwealth here contends that the trial court erred in holding that because the officer could not have administered the test at the Collingdale Police Station due to the lack of equipment there, appellee's indication that he would not take the test was a nullity, such that there was no refusal. Our scope of review where the trial court has reversed a license suspension for failure to submit to a breathalyzer test is limited to determining whether the trial court's findings were supported by competent evidence, and whether it committed an error of law or manifestly abused its discretion. *Department of Transportation, Bureau of Traffic Safety v.*

*Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980).

This Court has consistently held that any response substantially short of an unqualified, unequivocal assent to take a breathalyzer or blood test constitutes a refusal to submit to the test. *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984). A refusal to take a breathalyzer test is not vitiated by a subsequent request to take a test. *Cunningham v. Department of Transportation,* 105 Pa. Commonwealth Ct. 501, 525 A.2d 9 (1987). Thus, once there is a refusal to take the breathalyzer test, that initial response controls and no further examination of what a licensee later stated need be considered. *Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa. Commonwealth Ct. 307, 313, 496 A.2d 1356, 1359-60 (1985). Accordingly, in the present case, we believe that the trial court should have held as a matter of law that there had been a refusal upon which the appellee's license suspension could be based and affirmed the dismissal of the appeal.

Instead, however, the trial court held that the appellee's negative responses to the requests made at the Collingdale Police Station to take the breathalyzer test were nullities because the necessary equipment was not present on those premises at the time the requests were made. Thus, it took into consideration the fact that appellee had assented to taking the test while at the Sharon Hill Police Station and held that there had been no refusal. In examining Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, we find no language which would require that a request for a licensee to submit to a breathalyzer test be made at the situs of the testing equipment. Appellee contends, however, that the above ruling of the trial court is supported by this Court's decisions in *Department of Transportation, Bu-*

*reau of Traffic Safety v. Guarino,* 19 Pa. Commonwealth Ct. 104, 339 A.2d 861 (1975) and *Abate v. Department of Transportation,* 53 Pa. Commonwealth Ct. 104, 416 A.2d 1159 (1980). Those cases are, however, distinguishable from the present case.

In *Guarino,* the licensee, upon being asked to submit to a breathalyzer test, remained mute. This court found that the driver was never transported to the situs of the testing equipment and reasoned that a mere refusal to speak did not constitute a refusal to submit to the test inasmuch as the driver's silence at a spot other than the testing locale did not necessarily mean he would refuse to actually take the test. In the instant case, however, we do not have total silence. Rather, we have an express refusal that was later followed by an assent. Thus *Guarino* is inapplicable.

Likewise, *Abate,* is distinguishable. In that case, the driver refused to be transported from the borough station, where he had been taken after his arrest, to the police barracks where the equipment necessary to administer the breathalyzer test was kept, but he was never informed that the testing equipment was at the police barracks. In sustaining the licensee's appeal, we held that the negative response did not provide a proper evidentiary basis for a conclusion of refusal since it was not within the context of any reference to the test. We stated that the circumstances did not justify an inference that the licensee's literal response would have been the same had he been aware that the move to the barracks was for the purpose of the test. 53 Pa. Commonwealth Ct. at 107, 416 A.2d at 1160. In the instant case, appellee's negative responses were to requests to take the test, not mere requests to accompany the police officer to the Sharon Hill Police Station.

This Court has never held that an express refusal to take a breathalyzer test is a nullity for the purposes of

Section 1547(b) of the Vehicle Code if the request to take the test is not made at the situs of the testing equipment.

Having determined that the facts as found by the trial court demonstrate as a matter of law a refusal to take the breathalyzer test, we are constrained to reverse and direct reinstatement of the DOT order suspending appellee's license for a period of one year pursuant to Section 1547(b).

ORDER

Now, March 22, 1988, the order of the Court of Common Pleas of Delaware County, dated April 10, 1986, at No. 85-6242, is reversed and the order of the Department of Transportation suspending the driver's license of Joseph R. Stay for a period of one year is reinstated.