541 A.2d 845

John F. Nolan, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 22, 1988, to Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John A. Halley,* for appellant.

*Harold H. Cramer,* Assistant Chief Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, May 23, 1988:

John F. Nolan, appellant, appeals from an order of the Court of Common Pleas of Allegheny County which dismissed his appeal from an order of the Department of Transportation (DOT) suspending his driving privilege for fifteen days and revoking his driving license for a period of six months. We affirm in part and remand in part.

Appellant received notice from DOT that his driver's license was being revoked for a period of six months due to a violation of section 1543 of the Vehicle Code (Code), 75 Pa. C. S. §1543 (driving while under suspension). He was also notified that he was receiving a suspension of fifteen days for violating section 3112 of the Code, 75 Pa. C. S. §3112 (traffic light violation). Appellant contends that although he pled guilty and paid the fines and costs, DOT failed to show that his plea was knowing, intelligent and voluntary.

At the trial de novo, DOT introduced into evidence a suspension for failing to respond to a citation. Subsequently, appellant failed to respond to another citation, and his driving privileges were again suspended. Another suspension was imposed for operating a vehicle through a red traffic signal.

The record does not show that appellant's driving privileges were ever restored from these suspensions.

An appeal from a suspension of operating privileges is a civil proceeding. The underlying criminal conviction may not be attacked collaterally. *Department of Transportation v. Valentine*, 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982).

The record is clear that appellant was convicted of two offenses for which his license was suspended.

Pursuant to Pa. R.A.P. 2744, an appellate court may award as costs damages as may be just, including counsel fees, for delay if it determines that an appeal is frivo-

lous. The appellate court may remand the case to the trial court to determine the amount of damages as authorized by this rule.

The test for determining whether an appeal is frivolous is "whether the appellant's contention has a likelihood of success. The question involves more than just whether the appellant may win or lose, but rather involves whether the continuation [of the appeal] is reasonable." *Appeal of Langmaid Lane Homeowner's Assoc.*, 77 Pa. Commonwealth Ct. 53, 60, 465 A.2d 72, 75 (1983).

The question raised by appellant has been addressed innumerable times, and it is perfectly clear that there was no likelihood of success. His continuation of the appeal was unreasonable.

Accordingly, this case is affirmed as to the suspension of appellant's operating privileges, and remanded to the trial court to determine the amount of counsel fees pursuant to Pa. R.A.P. 2744.

ORDER

NOW, May 23, 1988, the order of the Court of Common Pleas of Allegheny County, No. S.A. 1523 of 1985, dated February 19, 1986, is hereby affirmed as to the suspension of appellant's operating privileges, and the case is remanded for computation of attorney's fees payable to the Department of Transportation.

Jurisdiction relinquished.