553 A.2d 1053

Raphael Balthazar, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellee.

Submitted on briefs November 16, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Arthur K. Dils*, for appellant.

*Philip L. Zulli*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Chief Counsel, and *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE NARICK, February 15, 1989:

The Court of Common Pleas of Dauphin County, after a hearing de novo, dismissed the appeal of Raphael Balthazar (Appellant) and sustained the suspension of Appellant's driver's license for one year pursuant to Sec-

tion 1547 of the Vehicle Code, 75 Pa. C. S. §1547 (refusal to submit to blood alcohol testing). We affirm.

At the de novo hearing, officer John P. Kennedy of the Harrisburg Police Department testified that while on duty he was dispatched to the scene of an accident. Upon his arrival at the accident scene, Officer Kennedy testified that he examined the interior of Appellant's vehicle and detected a strong smell of alcohol. Appellant was transported to a nearby hospital and while at the hospital, Officer Kennedy attempted to interview Appellant. Officer Kennedy said that Appellant's speech was "mumbled" and "slurred". Officer Kennedy further stated that Appellant had a strong odor of alcohol on his breath; and therefore, was placed under arrest for driving under the influence of alcohol. Although requested several times to submit to blood alcohol testing, Appellant refused. Additionally, a Spanish-speaking nurse tried convincing Appellant to submit to a blood alcohol test. It was only after Officer Kennedy secured hospital security for purposes of receiving a blood sample for medical purposes that Appellant consented to having blood drawn.

On appeal, the first argument raised by Appellant is twofold. Firstly, Appellant argues that he is from Haiti and his native language is Spanish. Therefore, his understanding of the English language is limited. According to Appellant, once the procedure was explained to him in his native language, he agreed to blood alcohol testing. Secondly, Appellant argues that he did not verbally refuse to submit to testing.

An operator's driving privileges may be suspended for refusal to submit to alcohol testing where the Department proves that the driver involved: (1) was placed under arrest for driving while under the influence of alcohol, and the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) was asked to

submit to alcohol testing; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Im v. Department of Transportation*, 108 Pa. Commonwealth Ct. 206, 529 A.2d 94 (1987). Once the Department has shown that a motorist refused to submit to chemical testing, the burden shifts to the motorist to prove by competent evidence that he was unable to make a knowing and conscious refusal. *Im.*[1]

In the case at bar, the trial judge had a first-hand opportunity to evaluate Appellant's ability to understand and respond to questions addressed to him. As factfinder, the trial court is required to observe witnesses and their demeanor in order to make credibility determinations. *Im.* These credibility determinations will not be disturbed if supported by substantial evidence. *Im.*

In the matter herein, the record reveals that Appellant has lived in the United States for approximately sixteen years and has worked as an over-the-road truck driver for approximately fourteen years. The record further discloses that Appellant's testimony before the trial court consists of approximately seven pages of transcript.[2] There is no indication whatsoever in these notes of testimony that Appellant had any difficulty comprehending the questions addressed to him.

Additionally, according to Officer Kennedy's testimony, Appellant was requested numerous times to consent to alcohol testing and although officer Kennedy could not recall if Appellant specifically used the word "no", Officer Kennedy did state that Appellant refused to sign the police form and to submit to testing. Appellant's contentions that he did not *verbally* refuse to submit to

---

[1] Our scope of review herein is confined to a determination of whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Im.*

[2] *See* Notes of Testimony from May 2, 1988 hearing, pp. 9-16.

blood alcohol testing are groundless. This Court has held that anything short of an unequivocal assent to submit to chemical testing constitutes a refusal. *Department of Transportation v. Stay*, 114 Pa. Commonwealth Ct. 532, 539 A.2d 57 (1988); *Hando v. Commonwealth*, 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984). Thus, based upon our review of the record herein, we must affirm the trial court.

Appellant next argues that Officer Kennedy did not have probable cause to arrest him and request that he submit to a blood alcohol test. Even assuming that Officer Kennedy did not have probable cause to arrest, Appellant's argument must fail. Our Supreme Court held in *Department of Transportation v. Wysocki*, 517 Pa. 175, 535 A.2d 77 (1987), that for purposes of a driver's license suspension proceeding the legality of a licensee's arrest is irrelevant. *Also see Kubit v. Commonwealth*, 118 Pa. Commonwealth Ct. 232, 544 A.2d 569 (1988). A police officer has reasonable grounds to suspect that a licensee has been driving while intoxicated if a reasonable person in the same position as the arresting officer could have concluded that the licensee was operating his vehicle while under the influence of alcohol. *Kuzneski v. Commonwealth*, 98 Pa. Commonwealth Ct. 595, 511 A.2d 951 (1986), *appeal denied*, 513 Pa. 643, 521 A.2d 934 (1987). Clearly, those circumstances existed here.

Lastly, the Department contends that Appellant's appeal is frivolous and taken solely for purposes of delay; therefore, an award of counsel fees should be issued to the Department as authorized by Pa. R.A.P. 2744. This Court has indicated that the test for identifying a frivolous appeal is whether the Appellant's arguments have a likelihood of success and whether the Appellant's continuation of the contest was reasonable. *Nolan v. Commonwealth*, 116 Pa. Commonwealth Ct. 291, 541 A.2d 845

(1988); *Martino v. Commonwealth*, 116 Pa. Common-wealth Ct. 200, 541 A.2d 425 (1988); *Langmaid L. H. Association Appeal*, 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983). Stated another way, an appeal is frivolous if there is no justiciable question presented and the appeal is readily recognizable as devoid of merit in that there is little prospect of success. *Hewitt v. Common-wealth*, 116 Pa. Commonwealth Ct. 413, 541 A.2d 1183 (1988). Because the arguments raised by Appellant are without legal merit, we must conclude that the appeal is frivolous.[3] Therefore, the Department is entitled to an award of reasonable counsel fees.

Accordingly, the order of the trial court is affirmed and this case is remanded to the trial court for purposes of determining the amount of reasonable counsel fees to be paid to the Department pursuant to Pa. R.A.P. 2744.

### ORDER

AND NOW, this 15th day of February, 1989, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed and the matter is remanded to the Court of Common Pleas of Dauphin County for calculation of reasonable counsel fees pursuant to Pa. R.A.P. 2744.

Jurisdiction relinquished.

### ORDER

AND NOW, this 22nd day of May, 1989, upon consideration of the application of the Department of Transportation for clarification of this Court's order entered February 15, 1989 and Appellant's response thereto, the

---

[3] We note in support of his position that he did not refuse to submit to a blood test, Appellant relies on *Commonwealth v. Smith*, 95 Montgomery County Reporter 55 (1972). However, that decision was reversed by this Court in *Commonwealth v. Smith*, 6 Pa. Commonwealth Ct. 78, 293 A.2d 158 (1972).

application is hereby granted. The following is hereby added as the second sentence to the order, for purposes of clarification:

Pursuant to Pa. R.A.P. 2744, Appellant and his counsel shall be jointly and severally liable to the Department of Transportation for reasonable counsel fees relating to this appeal, as may be reflected by a bill of costs to be filed on behalf of the Department of Transportation to the common pleas court, to which this case is remanded to determine the amount to be paid to the Department of Transportation and for the entry of an appropriate order following that determination.