## Commonwealth v. Hamilton

*Henry L. Borger, assistant district attorney,* for the Commonwealth.
*James C. Blackman,* for defendant.

WOLFE, *J.,* October 11, 1993—The sole issue before the court is if the evidence concludes the arresting officer had probable cause to perfect defendant's arrest on March 17, 1993. The parties have agreed that the only issue is in regard to the initial stop made by the officer and his initial contact with the defendant and whether he had probable cause or a reasonable suspicion to do so.

Factually, about 2:30 a.m. Sergeant Greg Moore of the Warren City police, while on patrol, observed persons around a vehicle in a parking lot area by the Pizza Hut and Morell's Restaurant. The officer pulled into the parking lot and observed two women standing on the driver's side of defendant's vehicle talking to someone inside it. One of these women, Kathryn L. Cressley, testified for the Commonwealth she informed the defendant, who was the party sitting in the car, that a police car was nearby and that he should not

have his vehicle motor running and that he could possibly be arrested for driving under the influence, even under the conditions as he was parked.

The Commonwealth attempted to place into evidence a conversation Ms. Cressley had with Officer Moore when she went to the police car and informed him that everything was O.K., that she had taken the defendant's keys. The Commonwealth first made this offer over the objection of defendant that it was a hearsay statement; and after we sustained the objection on the grounds that the statement made to the officer focused on the issue before the court, to-wit, the charge against the defendant of operating while under the influence, the statement could not possibly be one stated merely for the fact of what was said. Thereafter, the Commonwealth attempted to put the testimony into evidence on the grounds of present mind reflection. Again, we sustained this objection for the same reason.

Notwithstanding, after Ms. Cressley left the police car, Officer Moore, without making a further investigation of the defendant, left the parking area, drove across the street to the Burger King and waited there, allegedly doing some paperwork. Shortly thereafter, the two women entered the defendant's vehicle and defendant drove to the "Cozy Corner" and parked his car.

Officer Moore proceeded to the "Cozy Corner" area without observing the manner in which the defendant operated his vehicle. The officer admitted the defendant did not violate any section of the Motor Vehicle Act in operating his vehicle or bringing it to a stop at the "Cozy Corner" parking lot. He observed the two women exit the vehicle, and at that time went to the defendant's vehicle and observed who the operator was and arrested him for operating while under the influence.

The officer admitted (T-30) there was "nothing erratic, improper or unsafe about the defendant's driving." He only observed the vehicle for a brief period as it turned into the "Cozy Corner" parking lot. The officer stated that the "U-turn" defendant made was a legal turn so he could approach the parking lot. The officer further admitted he did not make any determination if the defendant had consumed any alcohol or was able to safely or not safely operate his vehicle prior to the stop.

In *PennDOT v. Jennings,* 156 Pa. Commw. 219, 225, 627 A.2d 211, 213-214 (1993), the court wrote:

"Pursuant to Section 1547(a) of the Code, an arresting police officer only needs reasonable grounds, not probable cause, to believe the motorist was driving under the influence of alcohol. *Simpson v. Commonwealth,* 105 Pa. Commw. 635, 525 A.2d 444 (1987). The test for reasonable grounds is whether a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded the motorist was operating the vehicle while under the influence of alcohol. *McCallum v. Commonwealth,* 140 Pa. Commw. 317, 592 A.2d 820 (1991). The police officer need not be correct in his belief. *PennDOT, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976)."

The directive wording in the foregoing observation by the court is, "viewing the facts and circumstances as they appeared at the time ...," is controlling for a police officer to formulate a mental process the operator of a vehicle is probably under the influence. Instantly, the police officer did not observe the defendant operating the vehicle by his own admission until his observation of the defendant entering the "Cozy Corner" parking lot. The Commonwealth would have it that the statements made to the officer at the parking lot at the

Pizza Hut were sufficient reasonable grounds for Officer Moore to conclude defendant was operating while under the influence.

The Commonwealth would buttress its case on the testimony of Kathryn Cressley and what she told Officer Moore. This is clearly hearsay which has been historically defined as an extrajudicial utterance offered to prove the truth of the fact asserted. In this regard the Commonwealth's argument that the words spoken by Ms. Cressley to Officer Moore were sufficient for Officer Moore to formulate a mental process that the defendant was operating while under the influence in that she told the officer everything was all right because they had taken his keys. It is apparent the statement by Ms. Cressley offered to prove the defendant's guilt is the very focus of the issue before the court, and there is no merit in the Commonwealth advancing its second theory that it shows Ms. Cressley's "state of mind." State of mind is a derivative from hearsay and is indeed an exception only in the event that the uttered statement does not focus on the charge against the defendant and is not offered to prove the truth, but only if the statement is offered to prove it was in fact made. Here, it is inescapable the statement is offered to prove the truth of the fact stated, to-wit, defendant was under the influence as he sat in his car at the Pizza Hut parking lot. When an extrajudicial utterance is offered to prove not the truth of the statement but merely the fact that it was made, it is not hearsay. *Commonwealth v. Ricci,* 332 Pa. 540, 3 A.2d 404 (1939).

We therefore conclude for the foregoing reasons Officer Moore lacked reasonable grounds to conclude defendant was operating under the influence and therefore did not have probable cause to perfect the arrest.

For these reasons we enter the following order:

ORDER

And now, October 11, 1993, the defendant's petition to suppress is granted.