Commonwealth of Pennsylvania *v.* John M. Slimick, Appellant.

64

Argued October 31, 1977, before Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*Harold Gondelman,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 16, 1977:

John M. Slimick has appealed from an order of the Court of Common Pleas of Allegheny County dismissing his appeal from an order of the Bureau of Traffic Safety of the Department of Transportation suspending his operating privileges. The suspension resulted from Slimick's refusal to take a breathalyzer test.

Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §624.1(a).

A police officer testified at the de novo hearing in the court below that an automobile operated by Slimick passed his, the police officer's official vehicle, in an intersection and that he believed that this was a violation of a provision of The Vehicle Code prohibiting passing in intersections. Section 1008(c), 75 P.S. §1008(c). The police officer further testified that he stopped Slimick and then observed that Slimick smelled of alcohol and that his eyes appeared to be glassy. The police officer arrested Slimick for driving under the influence of intoxicating liquor and took him to a police station. Slimick there refused to take the breathalyzer test.

Asserting, on the basis of testimony of the police officer elicited on cross-examination, that the police officer had no probable cause for stopping Slimick for a driving offense, Slimick's astute counsel argues that his client's subsequent arrest for drunk driving was also unlawful, and that the unlawful arrest made the request to take the test improper. Slimick's counsel concedes that the law on this point is all against him but asks us, and may wish to ask higher authority, to reconsider the case law on the subject. Since the Supreme Court of Pennsylvania in *Glass v. Department of Transportation,* 460 Pa. 362, 333 A.2d 768 (1975), held that the propriety of the request for a chemical test is not dependent on the legality of the arrest, our review of the law would be *lese majeste.* For a case decided by the Court subsequent to *Glass* on the same issue see *Department of Transportation v. Barrett,* 22 Pa. Commonwealth Ct. 559, 349 A.2d 798 (1976).

It seems also to be argued in Slimick's behalf that the police officer had no reasonable grounds for believ-

66

ing that Slimick had been driving while under the influence of intoxicating liquor, which Section 624.1(a) makes a condition precedent to suspension for refusing the breathalyzer test. *Department of Transportation v. Shultz*, 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). The learned Judge of the court below found that Slimick's condition as described by the officer provided reasonable grounds for the police officer's belief that Slimick had been driving while under the influence of intoxicating drink. We have reviewed the record and find that it contains facts more than adequately supporting this determination.

Affirmed.

ORDER

AND Now, this 16th day of December, 1977, the order of the Court of Common Pleas of Allegheny County, dated November 22, 1976, dismissing the appeal of John M. Slimick from the suspension of his operating privileges, is affirmed.