## Walsh License

*John M. Demcisak*, for appellant.
*Charles E. Donahue*, for Department of Transportation.

BODLEY, *J.*, June 29, 1978—This is an appeal from the suspension of the operating privileges of appellant for her having refused to submit to a breathalyzer test following her arrest for operating a vehicle while under the influence of alcohol. Two grounds are asserted as the bases upon which the

order of the Bureau of Traffic Safety should be reversed: (1) that appellant did not refuse to take the breathalyzer test and (2) that the suspension is unlawful because the charges were withdrawn by the arresting police officer. The latter ground is novel, to say the least.

Section 1547(a) of the Vehicle Code[1] provides in pertinent part: "Any person who operates a motor vehicle in this Commonwealth shall be deemed to have given consent to a chemical test of breath or blood for the purpose of determining the alcoholic content of the blood if a police officer shall have reasonable grounds to believe the person to have been driving a motor vehicle while under the influence of alcohol. . . ."

Subsection (b) provides for suspension upon refusal in this language:

"(1) If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the Department shall:

"(i) suspend the operating privilege of the person for a period of six months; . . .

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended . . . upon refusal to submit to a chemical test."

At the hearing, appellant testified that she had not refused to take the test, that when asked to take the test she replied that she would be happy to do so if she would be permitted to call her attorney, that she was not permitted to call her attorney, and that

---

1. Act of June 17, 1976, P.L. 162, sec. 1, 75 Pa.C.S.A. §1547(a).

she did not remember if she was asked to take the test. The arresting officer testified that after observing appellant's vehicle being operated in an erratic manner and after experiencing some difficulty in forcing appellant to stop her vehicle, he finally pulled her over. As he got out of his vehicle, appellant sped away. He again followed the vehicle and succeeded in confronting appellant. She refused to produce her operator's license and registration card, refused to shut off the engine, refused to exit her vehicle upon request, and was generally belligerent and uncooperative. When the officer succeeded in removing appellant from her vehicle he found it necessary to assist her in order to prevent her from falling. She had a strong odor of alcohol and the officer testified that he had no doubt that she was operating while under the influence of alcohol.

The officer further testified that on three occasions, after having been arrested and after having been advised of her Constitutional rights, and notwithstanding his having advised appellant that her operating privileges would be suspended if she refused to submit to a breathalyzer test, she steadfastly refused to take the test. On the last of the three occasions appellant's brother, who had been called to police headquarters by the arresting officer, attempted to persuade appellant to take the test, but to no avail. Thereupon, appellant was arraigned and while at the office of the district justice the arresting officer executed the standard form of report of appellant's refusal to submit to the test setting forth in an affidavit the facts of the arrest, the allegation that the officer had reasonable grounds to believe that appellant had been operating while under the influence of alcohol, the fact

that appellant had been informed of the consequences of her failing to submit to the examination, and the fact of the request to submit to the chemical test and appellant's refusal.

The hearing judge accepts the testimony of the police officer and finds as a fact that appellant was requested to take the test, and that after having been advised of the consequences of refusal she did, nonetheless, refuse to take the same. Accordingly, the suspension of appellant's operating privileges for six months was mandated and was properly imposed.

However, appellant asserted that the charge of operating while under the influence of alcohol had been withdrawn by the arresting officer at the scheduled preliminary hearing and in lieu thereof a summary offense had been charged. When called as a witness for appellant, the arresting officer confirmed the allegation that the misdemeanor charges had indeed been withdrawn and replaced by a summary charge. He, the officer, stated that he had not sent the report adverted to above to the Department of Transportation and had authorized no one else to do so on his behalf. He testified that it had not been his intention to permit the report of appellant's refusal to take the breathalyzer test to be transmitted to the Department of Transportation. He said that it was his decision to withhold the report, that the original remained in his custody, and that a copy which apparently had been left at the office of the district justice had been forwarded to the department without his knowledge or approval.

Appellant's counsel argues that inasmuch as the police officer did not personally notify the department of the refusal to take the breathalyzer test the

suspension is unlawful. This novel argument is based upon the fact that under prior law, section 624.1 of the Vehicle Code,[2] it was provided that upon request and refusal to submit to the breathalyzer test ". . . the test shall not be given but the secretary may suspend his license . . ." Counsel points out that under section 1547(b)(1) of the revised code it is now provided that upon request and refusal to take the test ". . . the test shall not be given *but upon notice by the police officer*, the department shall: . . ." suspend the operating privilege. It is urged thereby that the legislature intended that there be no suspension unless the police officer personally notifies the department of the request and refusal, and that unintentional notification is not sufficient. We cannot accept that argument.

Clearly this appellant had been placed under arrest for driving while under the influence of alcohol in violation of section 3731 of The Vehicle Code, 75 Pa.C.S.A. §3731. It is also apparent from the officer's testimony that he had reasonable grounds to believe that appellant had been driving while under the influence of alcohol. As we have heretofore found as a fact, the officer informed appellant of the consequences of her refusal to take the test but nonetheless she refused on three separate occasions. We hold that the language "but upon notice by the police officer" does not limit the department's right and duty to suspend the operating privileges of a person such as appellant notwithstanding the withdrawal of charges in the

2. Act of April 29, 1959, P.L. 58, sec. 624.1, added July 28, 1961, P.L. 918, sec. 1, as thereafter amended, 75 P.S. §624.1.

fashion related above, and notwithstanding the inadvertent notification of the refusal. It has been held that the suspension mechanism is appropriately triggered when the officer has reasonable grounds for believing that a defendant had been driving while under the influence and is not conditioned upon the legality of the arrest: Glass v. Department of Transportation, 460 Pa. 362, 333 A. 2d 768 (1975); Com. v. Slimick, 33 Pa. Commonwealth Ct. 63, 380 A. 2d 950 (1977). It is also clear that even where a motorist is acquitted of a charge of operating while under the influence of alcohol in criminal proceedings the suspension for refusal to take a breathalyzer will be upheld: Com. v. Williams, 19 Pa. Commonwealth Ct. 363, 338 A. 2d 742, (1975). There is no valid reason to hold otherwise under the facts of this case.

The circumstances of the withdrawal of the charges against this appellant led the hearing judge to inquire of the officer as to the reasons therefor. As the record will reflect, the police officer stated that following the arrest and arraignment he "investigated" defendant and found that she had not been in trouble before and otherwise enjoyed a good reputation. Under such circumstances, according to the officer, he decided to drop the misdemeanor charge in favor of prosecuting the summary offense only. We were told that this decision was "cleared" with both the officer's sergeant and the District Attorney of Bucks County. We also learned that it is not uncommon in Bensalem Township for such charges to be withdrawn under similar circumstances. We are not called upon to pass judgment upon the propriety of this practice, nor do we do so. Perhaps it has certain social values

and perhaps it may lead to certain evils. We simply note in passing that the practice appears to exist for better or for worse.

## ORDER

And now, June 29, 1978, the appeal is dismissed, the supersedeas heretofore granted is withdrawn, and the order of the Director of the Bureau of Traffic Safety dated April 14, 1978, suspending appellant's operating privileges for a period of six months is affirmed and reinstated.