James P. Corry, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, April 9, 1981, to President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Lawrence J. Hracho, Calvin Lieberman & Associates,* for appellant.

*Francis P. Bach,* Assistant Attorney General, with him *Harold H. Cramer,* Assistant Attorney General, *Ward T. Williams,* Chief Counsel of Transportation, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 28, 1981:

James P. Corry has appealed from an order of the Court of Common Pleas of Berks County affirming the suspension of his motor vehicle operator's license

by the Department of Transportation for his refusal to submit to a breathalyzer test. *See* Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). We affirm.

In the late evening of May 2, 1978, Officer George Wilkins went to a diner in response to a complaint concerning a disorderly person, who turned out to be Corry. Officer Wilkins asked Corry to leave the diner. Corry responded with belligerence and foul language. After some conversation, Corry and Officer Wilkins left the diner and went to his car parked outside. Officer Wilkins observed that Corry walked erractically and staggered when he moved. Officer Wilkins, believing Corry to be intoxicated, told Corry not to drive his car and warned him that he would be arrested for driving under the influence of alcohol if he did. Corry then returned to the diner, only to reappear a few minutes later, enter his car and drive off. Officer Wilkins stopped Corry a few blocks from the diner, placed him under arrest and later asked Corry to submit to a breathalyzer test which Corry refused to take.

Corry concedes that he was arrested, that he was asked to submit to a breathalyzer test and that he refused to do so. *See, e.g., Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). He contends that Officer Wilkins did not have reasonable grounds to believe that Corry was driving under the influence of alcohol, an element necessary to sustain the suspension based on refusal to submit to the breathalyzer test under Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a). *See, e.g., Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). Corry places particular emphasis upon Officer Wilkins' admission that he did not detect the odor of alcohol on Corry's breath. The test for determining whether reasonable grounds were present

is not very demanding. . . . The only valid inquiry on this issue at the de novo hearing is whether, at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle and under the influence of intoxicating liquor.

*Dreisbach, supra* at 204-05, 363 A.2d at 872. The presence or absence of an odor of alcohol about a motorist is not the only test of whether there was reasonable ground to believe that the driver was under the influence of drink. It is the driver's behavior and appearance, as observed by the arresting officer, which are to be considered. Corry's uneven stance, his staggering gait, and his combativeness were clearly such as to produce a reasonable belief that he was under the influence of strong drink.

Corry also contends that Officer Wilkins did not have probable cause to believe that he was guilty of violating Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731, which makes it a criminal offense to drive "under the influence of alcohol to a degree which renders the person incapable of safe driving," pointing to the absence of evidence that he was incapable of safe driving. This argument misses the point. We are not here concerned with the criminal offense or the legality of the arrest under the criminal law. The propriety of a request to submit to a chemical test is not dependent on the legality of the arrest. *Glass v. Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975); *Commonwealth v. Slimick,* 33 Pa. Commonwealth Ct. 63, 380 A.2d 950 (1977). The arrest necessary to require a motorist to submit to a chemical test upon pain of a license suspension requires only that there be a physical restraint upon the person's personal freedom. *Glass, supra; Shultz, supra* at 603 n.2, 360 A.2d at 757 n.2.

Order affirmed.

328

#### ORDER

AND Now, this 28th day of May, 1981, the order of the Court of Common Pleas of Berks County, No. 295 August Term 1978, is affirmed.