522 A.2d 172

John H. Magill, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs November 20, 1986, to Judges BARRY and PALLADINO (P), and Senior Judge BARBIERI, sitting as a panel of three.

*Robert M. Rosenblum, Rosenblum and Anders, P.C.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, March 11, 1987:

This is an appeal by John H. Magill from an order of the Court of Common Pleas of Dauphin County (trial court) affirming a decision of the Pennsylvania Department of Transportation (DOT) which suspended appellant's motor vehicle operating privileges for one year pursuant to Section 1547(b) of the Vehicle Code.[1] For the reasons which follow, we affirm.

Appellant was stopped for driving under the influence of alcohol[2] by Officer Miller of the East Stroudsburg, Pennsylvania Police Department. Officer Miller stopped appellant at the request of Officer Cavilla, who was following appellant and had observed him operating his vehicle in an erratic fashion. Officer Miller watched appellant make a wide radius turn. The officer fell in behind appellant and attempted to stop him for two blocks. Officer Miller testified that during that two block interval he turned on his emergency red lights, flashed his high beam headlights and sounded his siren but appellant did not notice. Appellant finally pulled over, Officer Miller parked behind him and Officer Cavilla, in a third car, parked behind Officer Miller. Ap-

---

[1] 75 Pa. C. S. §1547(b).
[2] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731.

pellant exited his vehicle, walking in an unsteady gait. He smelled of alcohol, slurred his speech and was unable to satisfactorily perform field sobriety tests.

Appellant was arrested for driving under the influence and advised of the consequences of his refusal to submit to chemical testing of his blood. He initially consented to the test. He was then transported to a hospital, where he subsequently refused the test.

Pursuant to 75 Pa. C. S. §1547(b), DOT suspended appellant's license for refusing to submit to a chemical test of his blood to determine alcohol by weight. He appealed the decision to the trial court which, after a *de novo* hearing, affirmed DOT's decision. Appellant now appeals to this Court.

Appellant raises three issues for our determination: (1) the trial court erred in finding that the officer had reasonable grounds to believe that appellant was driving while intoxicated; (2) the trial court erred in finding that appellant refused to submit to a breathalyzer test; and (3) appellant should have been offered a breathalyzer test because it is the least intrusive method.[3]

## REASONABLE GROUNDS

Appellant confuses reasonable grounds to believe that he was driving under the influence of alcohol with reasonable grounds to stop his vehicle. A police officer need only have the former in order to require appellant to submit to the test.

Upon stopping appellant's vehicle, Officer Miller observed that appellant had difficulty walking, slurred his

---

[3] Our scope of review is limited to a determination of whether the findings of fact are supported by competent evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Grasso,* 97 Pa. Commonwealth Ct. 262, 508 A.2d 643 (1986).

speech, could not perform sobriety tests and smelled of alcohol. Officer Miller's observations were sufficient to require appellant to submit to the test. *See Corry v. Commonwealth of Pennsylvania,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981); *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

## REFUSAL TO SUBMIT TO A BREATHALYZER

Appellant contends that the trial court erred in determining he refused to submit to a *breathalyzer test.* This contention is also without merit.

First, the trial court found that appellant refused to submit to *chemical testing of his blood for alcohol by weight,* not to a breathalyzer. Second, the trial court's finding is supported by substantial evidence of record in that the court based its finding on appellant's own testimony.

## OFFICER NOT REQUIRED TO OFFER BREATHALYZER TO APPELLANT

Appellant contends that Officer Miller was required to offer him a breathalyzer test because it is the least intrusive method. This argument is also without merit.

Section 1547(a) states:

(a) General rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests of breath, blood or urine* for the purpose of determining the alcoholic content of blood . . . if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol.
. . . (Emphasis added.)

The plain meaning of 1547(a) is that appellant may be required to submit to any one or a combination of the enumerated tests. He has no right to choose among them. *See Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985).

Accordingly, we affirm.[4]

ORDER

AND NOW, March 11, 1987, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

---

[4] Appellant testified that he was afraid of needles and *probably* would have submitted to a breathalyzer had one been offered. Under *Bartle,* fear of needles is not sufficient justification for refusing a blood test to determine intoxication under Section 1547(a) of the Vehicle Code. Upon further questioning, appellant admitted that he did not tell Officer Miller of his fear of needles nor did he state any reason for refusing the blood test.