531 A.2d 1164

Britton Murdoch, Executor of the Estate of Billie C. Strawbridge, Deceased, Appellant *v.* Commonwealth of Pennsylvania, Estate of William Eason, Mr. and Mrs. Anthony Mancini, Joseph Winchester and Foggia Builders, Inc., Appellees.

Britton Murdoch, Executor of the Estate of Billie C. Strawbridge, Deceased *v.* Commonwealth of Pennsylvania, Estate of William Eason, Mr. and Mrs. Anthony Mancini, Joseph Winchester, and Foggia Builders, Inc. Commonwealth of Pennsylvania, Appellant.

Britton Murdoch, Executor of the Estate of Billie C. Strawbridge, Deceased *v.* Commonwealth of Pennsylvania, Estate of William Eason, Mr. and Mrs. Anthony Mancini, Joseph Winchester, and Foggia Builders, Inc. Mr. and Mrs. Anthony Mancini, Appellants.

Britton Murdoch, Executor of the Estate of Billie C. Strawbridge, Deceased *v.* Commonwealth of Pennsylvania, Estate of William Eason, Mr. and Mrs. Anthony Mancini, Joseph Winchester, and Foggia Builders, Inc. Estate of William Eason, and Joseph Winchester, Appellants.

Argued February 24, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Jeffrey M. Stopford,* for appellant/appellee, Britton Murdoch, Executor of Estate of Billie C. Strawbridge, deceased.

*Celeste Yvonne Lamb,* Deputy Attorney General, with her, *LeRoy S. Zimmerman,* Attorney General, for

appellees/appellants, Commonwealth of Pennsylvania, Estate of William Eason and Joseph Winchester.

*Jean C. Hemphill,* with her, *E. Paul Maschmeyer,* of Counsel: *Monteverde, Hemphill, Maschmeyer & Obert,* for appellants/appellees, Mr. and Mrs. Anthony Mancini.

*John R. Riddell,* with him, *J. Joseph Herring, Jr., Fronefield and deFuria,* for appellee, Foggia Builders, Inc.

OPINION BY JUDGE PALLADINO, October 5, 1987:

On January 22, 1979, Mrs. Billie Strawbridge was killed when the car which she was driving was struck head-on. The accident was caused when an on-coming vehicle hit a patch of ice on West Chester Pike causing the driver to lose control of her vehicle, cross the median, and strike the Strawbridge vehicle.

Britton Murdoch, Executor of the Estate of Billie Strawbridge, brought a wrongful death[1] and survival action.[2] After a trial, the jury returned a verdict in favor of the Estate on both the wrongful death and survival actions, apportioning liability as follows: Commonwealth of Pennsylvania 40%, Estate of William Eason (DOT employee) 5%, Joseph Winchester (DOT employee) 5%, Mr. and Mrs. Anthony Mancini 25%, and Foggia Builders, Inc. 25%. The parties filed numerous post-trial motions and after oral argument before the Court of Common Pleas of Delaware County *en banc,* the trial court granted Defendants'/Appellees' motion for new

---

[1] 42 Pa. C. S. §8301.
[2] 42 Pa. C. S. §8302.

trial limited only to the issue of damages.[3] Appeal was perfected to this court.[4]

Appellant's decedent was the beneficiary of two testamentary trusts established by the wills of her husband, Francis Strawbridge, Jr., and father-in-law, Francis Strawbridge, Sr. Both men had predeceased Billie Strawbridge. At the time of her death, decedent was receiving $15,600 per year from her husband's trust, which she would have continued to receive for the remainder of her life. Thereafter, the trust income would have been divided into fifths, going equally to the three children of Mr. Strawbridge from a former marriage and the two children of decedent also from a prior marriage.

Decedent was not yet receiving any income from the trust created by her deceased father-in-law's will because her mother-in-law was, at 98 years of age, still alive. However, upon her mother-in-law's death, decedent would have been entitled, by the terms of the will, to her husband's one-quarter share. Thus, she would have received $69,450 per year from her father-in-law's trust. Upon decedent's death, that trust income would have passed only to Mr. Strawbridge's children, in accordance with a provision of her father-in-law's will which limited distribution only to direct descendants and spouses of direct descendants of the elder Mr. Strawbridge.

---

[3] The other post-trial motions were dismissed. The underlying liability of Appellees is not an issue on this appeal.

[4] On appeal from a decision of the court of common pleas, our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed or whether the court manifestly abused its discretion. *Magill v. Commonwealth,* 104 Pa. Commonwealth Ct. 517, 522 A.2d 172 (1987).

Jurisdiction is vested in this Court by reason of Section 762 of the Judicial Code, 42 Pa. C. S. §762(a)(1).

Over the objection of Defendants/Appellees, the trial court allowed the introduction of evidence regarding the loss of this income as a measure of damages. The trial court ruled that the monies would constitute income within the meaning of the Survival Act. In response to post-trial motions, the trial court *en banc,* concluded that it was error to allow the introduction of evidence of the loss of trust income and to instruct the jury that such income should be considered in calculating the economic value of decedent's life. The *en banc* court concluded that the testimony and jury instruction unquestionably contributed to the verdict for damages rendered by the jury and, as such, a new trial on the issue of damages was mandated.

On appeal, Appellant asserts that the loss of trust income was an actual economic harm caused by Defendants' negligence and is compensable under Pennsylvania law. We disagree.

> The rule in Pennsylvania is that in Survival Actions the measure of damages is the decedent's pain and suffering and loss of gross earning power from the date of injury until death, and the loss of his earning power, less personal maintenance expenses, from the time of death through his working life-span.

*Slaseman v. Myers,* 309 Pa. Superior Ct. 537, 544-45, 455 A.2d 1213, 1217-1218 (1983) (citing *Incollingo v. Ewing,* 444 Pa. 263, 309, 282 A.2d 206, 229 (1971)). "The measure of a decedent's loss is what he 'would have probably earned by his intellectual or bodily labor and his business or profession during the residue of his life.'" *Smail v. Flock,* 407 Pa. 148, 154, 180 A.2d 59, 61 (1962) (quoting *Pennsylvania Railroad Company v. Butler,* 57 Pa. 335, 338 (1868)). Income received from a testamentary trust is not the product of the intellectual or bodily labor of Mrs. Strawbridge. Therefore, decedent's

estate should not be compensated for any loss of trust income.

Appellant asserts that the loss of decedent's interest in these testamentary trusts is no different than the loss of Social Security, Veterans, and other similar benefits, terminable by death, for which we have allowed the recovery of damages. While the nature of the payments is similar, the theory Appellant propounds ignores the fact that Social Security and Veterans benefits are a product of the intellectual and physical labor of the claimant.

Further, capital investment income is not compensable in a survival action. The courts have held this to be true because this income, not arising from any physical or intellectual labor of the decedent, is not lost upon death. *See Krakar v. Don Swart Trucking, Inc.*, 323 F. Supp. 157, 159 (W.D. Pa. 1971); *Mars v. Meadville Telephone Company*, 344 Pa. 29, 33, 23 A.2d 856, 858 (1942). The corpus of the two trusts in question was not affected by decedent's death. It continued to exist, devolving under the terms of the will to other family members. Thus, the income is not lost; it is merely transferred.

> Damages for wrongful death are the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death. The Wrongful Death Statute, 42 Pa. C.S.A. §8301 (Purdon pamp. 1982), compensates the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. This includes the value of services the victim would have rendered to his family if he had lived.

*Slaseman,* 309 Pa. Superior Ct. at 545, 455 A.2d at 1218.

As to the wrongful death action, the result would be the same.

Appellant contends that the death of Mrs. Strawbridge caused a loss to her two children of the income from Francis Strawbridge, Sr.'s trust which, by the terms of the will, does not devolve to them. The Appellant asserts that but for decedent's untimely death, she would have benefited from this income upon her mother-in-law's death, some portion of which would have been given or bequeathed by her to her two children. Regardless of the appeal of this argument, it is not the law in Pennsylvania. That income was not lost but merely transferred to Francis Strawbridge, Jr.'s three children per the intent of the testator as evidenced by the terms of his will. No loss having occurred, no damages may be awarded.

Lastly, Appellant asserts that our legislature may not properly limit damages recoverable against the Commonwealth to $250,000 per claimant. Our Supreme Court has recently put this issue to rest in *Lyles v. Department of Transportation*, 509 Pa. 542, 505 A.2d 599 (1987), *aff'g Lyles v. City of Philadelphia*, 88 Pa. Commonwealth Ct. 509, 490 A.2d 936 (1985).

Thus, we concur with the decision of the trial court *en banc* that evidence of loss of testamentary trust income should not have been admitted and that the jury was improperly instructed that it should consider this evidence in reaching a decision on damages. Accordingly, we affirm the grant of a new trial limited solely to the issue of damages.

### ORDER IN 1235 C.D. 1986

AND NOW, October 5, 1987, the order of the Court of Common Pleas of Delaware County *en banc* is affirmed.

### ORDER IN 1320 C.D. 1986

AND NOW, October 5, 1987, the order of the Court of Common Pleas of Delaware County *en banc* is affirmed.

ORDER IN 1436 C.D. 1986

AND NOW, October 5, 1987, the order of the Court of Common Pleas of Delaware County *en banc* is affirmed.

ORDER IN 1437 C.D. 1986

AND NOW, October 5, 1987, the order of the Court of Common Pleas of Delaware County *en banc* is affirmed. Judge COLINS dissents.