549 A.2d 262

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Christine Berta, Appellee.

*Melissa K. Dively,* Assistant Counsel, with her, *Harold H. Cramer,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Stephen A. Zappala, Jr., Dattilo, Barry, Fasulo & Cambest, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, October 24, 1988:

This is an appeal[1] by the Department of Transportation, Bureau of Driver Licensing (Department) from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Christine Berta (Licensee) from an action of the Department suspending Licensee's operating privileges for one year for refusal to comply with the breathalyzer test requirement appearing in Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

The trial court found that a police officer had observed Licensee sitting in a vehicle parked in a restricted area. The officer exited his car and walked over to Licensee's vehicle. He asked Licensee to show him her operator's permit and vehicle registration. Licensee refused the officer's initial request and several subsequent requests. The officer then asked Licensee to step out of her vehicle and she refused. He then opened the door on the operator's side of Licensee's vehicle and forcibly removed Licensee from her vehicle. Licensee bit and kicked the officer and refused to comply with his orders. Once she was outside the vehicle the officer detected the odor of alcohol on her breath. Subsequently, Li-

---

[1] This opinion was reassigned to the writer on August 18, 1988.

censee was arrested for various offenses including driving while under the influence. Licensee was advised that she was under arrest for operating a motor vehicle while driving under the influence and was transported to the police station for purposes of conducting a breathalyzer test.

At the police station, Licensee was informed that the failure to take the breathalyzer test would result in the loss of her license for at least one year. Licensee then attempted to perform the breathalyzer test by blowing air into the machine but she did not blow a sufficient amount to cause a proper reading. Thus, Licensee's attempts to take the test were treated as refusals. On this basis the Department suspended her license. Licensee appealed to the common pleas court which concluded, based upon Licensee's demeanor, candor and frankness that Licensee had blown into the breathalyzer machine as hard as she could and, thus, had not refused to take the test. The trial court further found that the arresting officer did not have reasonable grounds for believing that Licensee was under the influence of alcohol even though this was *not* the basis of Licensee's appeal to the trial court. That court, however, sustained Licensee's appeal. This appeal by the Department followed.

Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion and whether its findings of fact are supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. Vairo*, 9 Pa. Commonwealth Ct. 454, 308 A.2d 159 (1973). In a case involving the suspension of a motorist's operating privilege as a consequence of a refusal to submit to breathalyzer testing, the Department must prove that (1) the officer had reasonable grounds to believe that the motorist was driving under the influence (2) the motorist

was arrested and was asked to submit to chemical testing (3) the motorist refused to submit to the testing and, where the issue is raised, that (4) the officer gave the motorist an adequate warning of the consequences of refusal. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982). The only issues which are raised for our consideration are whether the police officer had reasonable grounds to believe that Licensee was driving under the influence, and whether the trial court properly determined that Licensee's actions in blowing as hard as she could did not constitute a refusal to take the breathalyzer test.

Considering first the question of whether the officer had reasonable grounds for his belief, the law is well settled that the proper inquiry is whether a reasonable person in the position of the officer viewing the facts and circumstances as they appear to him or her could have concluded that the motorist had operated the vehicle while under the influence of alcohol. *White v. Commonwealth,* 59 Pa. Commonwealth Ct. 156, 428 A.2d 1044 (1981). Relevant facts to be considered are, *inter alia,* the odor of alcohol on the licensee's breath, the licensee's general appearance and his behavior. *Corry v. Commonwealth,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981). Considering that Licensee was sitting in a vehicle parked in a restricted area, that she refused the officer's request to present her vehicle registration card, that she exhibited belligerent behavior when asked to exit the vehicle and that the officer detected the odor of alcohol on her breath, we cannot say that there was not a reasonable basis for the officer's conclusion. Accordingly, we must reverse the trial court's ruling on this issue.

We now reach the question of whether Licensee's "good faith attempt" to supply sufficient breath could

legally constitute a refusal. It is undisputed that Licensee has not offered any medical reason for her inability to supply sufficient breath. This Court's opinion in *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978) is instructive. In *Jones,* the licensee supplied healthy blasts of air and testified that she blew into the machine in good faith. This Court held that such self-serving testimony standing alone was insufficient as a matter of law, absent competent medical evidence, to show that Jones was unable to take the test. We can see no basis for distinguishing the facts of this case from those in *Jones.* Accordingly, we must conclude that on the issue of refusal, *Jones* is controlling here and for this reason reverse the common pleas court's conclusion that there was no refusal to submit to the breathalyzer test.

Reversed.

## ORDER

NOW, October 24, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and the Department's suspension is reinstated.

This decision was reached prior to the resignation of Judge MACPHAIL.

Judge MCGINLEY concurs in the result.

———

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

In order to uphold the suspension of an operator's license for refusal to take a breathalyzer test, DOT has the burden of proving, *initially,* that the arresting officer had reasonable grounds to believe that the licensee was driving while intoxicated. In other words, the propriety of the suspension for such refusal depends on whether the police officer had reasonable grounds to believe that

the licensee was driving while intoxicated. *Department of Transportation, Bureau of Traffic Safety v. Doyle,* 103 Pa. Commonwealth Ct. 490, 520 A.2d 917 (1987).

The trial court stated that, "defendant's [licensee's] demeanor, candor and frankness, and unhalting articulation suggested the tone and quality of honest conviction and veracity. Ergo, we resolved the issue of credibility in favor of Defendant [licensee]." Having resolved the credibility issue, the trial court found that Officer Ganaway did *not* have reasonable grounds to believe that licensee was operating the vehicle while under the influence of alcohol.

The fact finder determines credibility. *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa. Commonwealth Ct. 580, 498 A.2d 26 (1985). He may accept or reject all or part of a witness' testimony. While the trial judge may have believed part of Officer Ganaway's testimony, it may be that the officer's testimony concerning the odor of alcohol on licensee's breath, which was noticed only after licensee refused to move her car and had to be forcibly moved, influenced the trial judge's determination of credibility.

Under the circumstances of the credibility determination in favor of licensee, I must agree that DOT has not met its burden of proof. Therefore, I need not reach the issue of the refusal to take the breathalyzer test. Accordingly, I would affirm.