**Sterling William QUICK**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 2006.

Decided Jan. 31, 2007.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Gregory L. Nester, Norristown, for appellee.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Department of Transportation, Bureau of Driver Licensing (Bureau) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) that sustained the statutory appeal of William Sterling Quick (Licensee) from a one-year suspension of his operating privileges that had been imposed by the Bureau pursuant to 75 Pa.C.S. § 1547(b)(1)(i). We reverse.

The record indicates that the Bureau notified Licensee on July 15, 2005, that his operating privileges would be suspended for one year pursuant to 75 Pa.C.S. § 1547, as a result of his refusal to submit to chemical testing on June 26, 2005. Licensee appealed to the trial court which conducted a *de novo* hearing on February 6, 2006.

At the hearing the Bureau offered the testimony of Officer Robert R. Greenwood. Officer Greenwood testified that on June 26, 2005, he stopped a silver Lincoln Navigator operated by Licensee after the officer observed the vehicle being operated in an erratic manner. Officer Greenwood administered standardized field sobriety tests, which Licensee failed. The officer then placed Licensee under arrest for driving under the influence. Licensee stipulated that Officer Greenwood had probable cause to pull over Licensee and that Licensee was taken to the Montgomery County DUI Center and given a breathalyzer test.

Deputy Craig K. Klass administered the breathalyzer testing. Deputy Klass testified that he read Licensee the chemical testing warnings from a Bureau DL–26 form, explaining it and answering Licensee's questions. The deputy then signed the form as having been read to Licensee, but Licensee refused to sign the form in acknowledgement that it had been read to him. Deputy Klass testified that Licensee remained cooperative, but just did not want to sign the form.

After the expiration of a 20–minute observation period, Deputy Klass explained the breath test procedure to Licensee, informing him that it takes two proper breath samples to complete the test. The deputy showed Licensee the mouthpieces used with the testing apparatus, gave Licensee a demonstration of how to blow into a mouthpiece, and informed Licensee that constant blowing for approximately six to eight seconds is required for the receipt of a proper breath sample.

Licensee then made his first attempt to give a breath sample. Deputy Klass testified that he told Licensee to start blowing and that Licensee started but then stopped right away. The deputy told Licensee that he had to provide a continuous breath, but Licensee started and stopped blowing a few times during the attempt. Deputy Klass then put a new mouthpiece on the apparatus for Licensee to make a second attempt at providing a breath sample. Klass informed Licensee that if he did not provide a continuous breath, it would be deemed a refusal to take the test. Deputy Klass testified that Licensee proceeded to blow in the same manner as in his first attempt, starting and stopping his breath.

The breath testing instrument emits a steady tone during a continuous breath, but beeps during intermittent breathing. The apparatus beeped during both of Licensee's attempts to provide a sample. The device also did not provide a reading for either attempt, but it did display a number that rose and fell as Licensee started and stopped blowing. Deputy Klass testified that, based on the display, he was able to come up with a range of Licensee's blood alcohol level from 0.15 percent to something greater than 0.15 percent. Deputy Klass testified that, while Licensee's personal conduct remained cooperative throughout the procedure, Licensee failed to follow instructions and thus did not provide a proper breath sample.

Officer Greenwood, under cross-examination by counsel for Licensee, testified to the proceedings of a preliminary hearing on this matter. Prior to the hearing, Licensee was charged with, *inter alia*, the refusal of chemical testing. At that hearing, according to the testimony of Officer Greenwood, the Commonwealth arrived at a plea agreement with Licensee. The Bureau disputes this characterization and claims that, although the police officers and Licensee reached an agreement as to the charge that would be filed, no "plea agreement" was entered at any time between the Commonwealth and Licensee. Licensee, in his brief, accepts this characterization of events. The original charge that Licensee had refused the breath test was withdrawn and Licensee was instead charged with operating a vehicle under the specific blood alcohol content of 0.15 percent, this level being stipulated to by Licensee.

The trial court, by written order, sustained Licensee's appeal of the suspension of his operating privileges and the Bureau filed a timely notice of appeal from that order to this Court.[1]

The Bureau raises two issues for our review: whether Licensee failed to provide two consecutive, actual breath samples, amounting to a refusal of the breath test, and whether Licensee's agreement with the arresting officer, in which he stipulated

1. Our review in license suspension cases is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether errors of law were committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Gombar v. Department of Transportation, Bureau of Driver Licensing*, 678 A.2d 843 (Pa.Cmwlth.1996).

that his blood alcohol content (BAC) was 0.15 percent, estops the Bureau from suspending his operating privileges for refusing to take a breath test. Licensee argues that there is competent evidence in the record to support the trial court's conclusion that he did not refuse to submit to a breath test.

■ In order to support a one-year suspension of operating privileges imposed in conformity with 75 Pa.C.S. § 1547(b) as a consequence of a chemical test refusal related to an arrest for violating 75 Pa.C.S. § 3802, the Bureau must establish that 1) the licensee was arrested for violating Section 3802; 2) by a police officer who had reasonable grounds to believe that the licensee was operating a vehicle while in violation of Section 3802; 3) that the licensee was requested to submit to a chemical test; 4) that the licensee refused to do so; and 5) that the police officer fulfilled the duty imposed by 75 Pa.C.S. § 1547(b)(2) by advising the licensee that his operating privileges would be suspended if he refused to submit to chemical testing and that, in the event the licensee pleaded guilty or *nolo contendere* to or was found guilty of violating 75 Pa.C.S. § 3802(a)(1) after refusing testing, the licensee would be subject to the penalties set forth in 75 Pa.C.S. § 3804(c). *Martinovic v. Department of Transportation, Bureau of Driver Licensing,* 881 A.2d 30, 34 (Pa.Cmwlth. 2005). Here, because of Licensee's stipulations to his arrest under reasonable grounds, the only element of the Bureau's *prima facie* case that is at issue on appeal is whether Licensee refused to submit to the breath test administered by Deputy Klass.

■ This Court recognizes as well-settled that any response from a licensee to a request for a chemical test that is short of an unqualified, unequivocal assent to the requested test constitutes a refusal,

subjecting the licensee to the suspension mandated by 75 Pa.C.S. § 1547(b)(1). *Hudson v. Department of Transportation, Bureau of Driver Licensing,* 830 A.2d 594, 599 (Pa.Cmwlth.2003). A licensee's refusal need not be expressed in words; a licensee's conduct may constitute a refusal to submit to testing. Id. The issue of whether a licensee, by his conduct, has refused to submit to chemical testing is one of law, based upon the facts found by the trial court, and is subject to plenary review by this Court. *Department of Transportation, Bureau of Driver Licensing v. Bender,* 107 Pa.Cmwlth. 475, 529 A.2d 44, 46 (1987), *rev'd on other grounds,* 522 Pa. 104, 560 A.2d 123 (1989).

This Court has held that a licensee's failure to provide two consecutive sufficient breath samples as required by 67 Pa.Code § 77.24(b) (relating to breath test procedures), absent a proven medical reason that precludes the licensee from so doing, constitutes a refusal of the breath test as a matter of law. *Sweeney v. Department of Transportation, Bureau of Driver Licensing,* 804 A.2d 685, 687 (Pa. Cmwlth.2002). In *Sweeney,* this Court held that "failure to complete a breathalyzer test, *whether or not a good faith effort was made to do so, constitutes a refusal per se to take the test.*" Id. (emphasis in original). In *Department of Transportation v. Berta,* 120 Pa.Cmwlth. 558, 549 A.2d 262, 264 (1988), this Court held that licensee's failure to blow sufficient air to successfully complete the breath test constituted a refusal absent medical evidence to establish a physical inability to provide sufficient breath. Here, as in *Berta,* Licensee has introduced *no medical evidence* suggesting an inability to provide a sufficient breath sample.

Licensee points out that he was charged with a specific BAC. He suggests that the arresting officer was willing to agree to

the 0.15 percent BAC that Licensee stipulated to because that BAC was consistent with the display on the breath testing apparatus. The trial court found that this reading was used as the basis for the later agreement, at the preliminary hearing, between Licensee and the arresting officer, and that, therefore, Licensee cannot be said to have failed to supply an adequate breath sample. Licensee contends that there is sufficient evidence in the record to support the trial court's conclusion.

■ The Bureau argues, however, not that the trial court's findings of fact are not supported by sufficient evidence, but that the trial court erred as a matter of law. *Gombar,* 678 A.2d at 847. Section 77.24(b) of Title 67 of the Pennsylvania Code, 67 Pa.Code § 77.24(b) provides, in pertinent part:

> 77.24. Breath test procedures.
>
> (b) ... The procedures for alcohol breath testing *shall* include, at a minimum:
>
> (1) Two consecutive *actual* breath tests, without a required waiting period between the two tests.

(Emphasis added.) That the arresting officer, at a later date, was willing to reach an agreement based on the breath testing apparatus display does not override the fact that Licensee failed to complete the mandatory test because he did not provide a breath sample sufficient for the instrument to provide a reading. The law is clear that such a failure constitutes a refusal of chemical testing. *Sweeney,* 804 A.2d at 687.

■ The Bureau also contends that the trial court committed reversible error in holding that the Bureau was estopped from suspending Licensee's operating privilege pursuant to 75 Pa.C.S. § 1547(b)(1)(i). There is, however, no question of fairness here. The "plea agreement," reached at the preliminary hearing, had no effect upon Licensee's conduct during the earlier breath testing. Licensee, at the time he failed to provide an adequate breath sample, could not have been relying on the agreement, because the agreement was not reached until a later date. This Court has held that neither a district attorney (pursuant to a plea bargain) nor a trial court (in deciding a criminal matter) can bind the Department of Transportation to withdraw a civil license suspension. *Smith v. Department of Transportation, Bureau of Driver Licensing,* 747 A.2d 1247, 1250 (Pa.Cmwlth.2000). This informal agreement between the arresting officer and Licensee is similarly non-binding on the Bureau. Statutory suspensions following the refusal of chemical testing are not bargaining chips in criminal prosecutions; they are mandatory civil penalties imposed, not for penal purposes, but to protect the public. *Hunsicker v. Department of Transportation, Bureau of Driver Licensing,* 657 A.2d 84, 86 (Pa.Cmwlth.1995).

For these reasons, we reverse.

### ORDER

AND NOW, this 31st day of January, 2007, the order of the Court of Common Pleas of Montgomery County, at Docket Number 05–20726, filed February 6, 2006, is REVERSED and the suspension of Licensee's operating privileges is reinstated.